# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SECURIAN LIFE INSURANCE )
COMPANY, a New York stock life )
insurance company )
                 )
       Plaintiff,               )     C.A. No. 17-1259-VAC-SRF
                 )
vs.                        )
                 )
DAVID DAWSON, an individual )
BETH P. ULLOM, an individual and as the )
Administratrix of the Estate of Lee Battis )
(Deceased), IAN C. PAYNE, an individual, and )
WILLIAM PAYNE, an individual, )
                 )
       Defendants.           )

## MEMORANDUM OPINION

## I. INTRODUCTION

Presently before the court in this interpleader action are two motions: (1) defendant

David Dawson's ("Mr. Dawson") motion to strike defendants Beth Ullom ("Ms. Ullom") and

William Payne's ("Mr. Payne") answer to the complaint; and (2) Ms. Ullom and Mr. Payne's

motion to vacate the entry of default in appearance. (D.I. 17; D.I. 30) For the reasons that

follow, Mr. Dawson's motion to strike is DENIED, and Ms. Ullom and Mr. Payne's motion to

vacate is GRANTED.

## II. BACKGROUND

Plaintiff Securian Life Insurance Company ("SLIC") is a stock life insurance company,

and is the issuing carrier for a group term life insurance policy issued to a non-party, E.I. DuPont

de Nemours and Co. ("DuPont"), Policy #34343-G. (D.I. 1 at ¶¶ 1-2) The decedent, Lee Payne

Battis ("Ms. Battis"), was a disabled former employee of DuPont who participated in DuPont's

life insurance program and received a life insurance policy, provided by SLIC, which insured her

in the amount of $48,000 in Employee Term insurance, and $188,000 in Voluntary Employee life insurance, for a total of $236,000. (*Id.* at ¶¶ 3, 5) Ms. Battis died intestate on March 24, 2017. (*Id.* at ¶¶ 3-4)

Mr. Dawson holds himself out as a "caretaker" of Ms. Battis, and lived with her prior to her death. Mr. Dawson has made a claim to SLIC for Ms. Battis' death benefits. (*Id.* at ¶¶ 7-8) Ms. Ullom is Ms. Battis' natural born sister, and has also made a claim to SLIC for her death benefits. (*Id.* at ¶ 9-10) Mr. Payne is Ms. Battis' natural born brother. (*Id.* at ¶¶ 16-17) Defendant Ian Payne ("I. Payne") is Ms. Battis' natural born nephew who, prior to a beneficiary change discussed *infra*, was the contingent beneficiary to her benefits. (*Id.* at ¶¶ 13-14) Therefore, Ms. Ullom, Mr. Payne, and I. Payne are all heirs to Ms. Battis' estate. (*Id.* at ¶¶ 18-19)

Before Ms. Battis' death, I. Payne was the contingent beneficiary of the life insurance Policy.[1] (*Id.* at ¶¶ 14-15) However, on September 1, 2014, Ms. Battis changed the beneficiary to Mr. Dawson through an on-line benefits portal maintained for use by participants of the DuPont employee benefits plan. (*Id.* at ¶ 14) At the time, Mr. Dawson lived at Ms. Battis' residence as her caretaker. (*Id.* at ¶¶ 7-8) Upon Ms. Battis' death, Mr. Dawson and Ms. Ullom both made competing claims to SLIC for death benefits payable by the policy. (*Id.* at ¶¶ 7, 9) On April 7, 2017, Ms. Ullom informed SLIC that she believed the beneficiary change request in favor of Mr. Dawson was obtained by fraud or duress, and that Ms. Battis intended for her nieces and nephews to be the beneficiaries of her life insurance policy. (*Id.* at ¶ 27) On April 11, 2017, Mr. Dawson executed a beneficiary statement seeking payment of Ms. Battis' death benefits from

---

[1] I. Payne's father, Bruce Payne, was Ms. Battis' natural born brother and primary beneficiary of Ms. Battis' death benefits. Bruce Payne died before Ms. Battis, leaving I. Payne as the contingent beneficiary. (D.I. 1 at ¶¶ 13, 15)

SLIC. (*Id.* at ¶ 28) However, SLIC did not distribute the benefits to Mr. Dawson because DuPont's third-party benefits administrator notified SLIC that the request was under investigation for fraud. (*Id.* at ¶ 29) Between June 18, 2017 and August 15, 2017, Mr. Dawson repeatedly submitted correspondence to SLIC seeking payment of the life insurance policy. (*Id.* at ¶¶ 31, 34) On August 21, 2017, Ms. Ullom asserted a claim for the payment of Ms. Battis' benefits on the basis that the beneficiary change to Mr. Dawson was ineffective due to fraud or duress. (*Id.* at ¶ 35)

On September 1, 2017, SLIC initiated this interpleader action concerning Ms. Battis' life insurance policy. (D.I. 1) On December 5, 2017, Mr. Dawson filed his answer to the complaint. (D.I. 5) On December 29, 2017, SLIC filed affidavits of service stating that Mr. Payne was served on or around October 13, 2017, and that Ms. Ullom was served on or around October 14, 2017. (D.I. 6; D.I. 7) On January 11, 2018, SLIC filed a request for an entry of default in appearance against Ms. Ullom and Mr. Payne. (D.I. 8) On January 12, 2018, the court entered an order for SLIC to show cause as to why I. Payne should not be dismissed due to SLIC's failure to serve process within 90 days of filing the complaint, pursuant to Federal Rule of Civil Procedure 4(m). (D.I. 9) On January 16, 2018, the Clerk of Court entered defaults in appearance against Ms. Ullom and Mr. Payne for their failure to answer or otherwise respond to the complaint after proper service was effectuated. (D.I. 10) On January 23, 2018, SLIC filed a motion for extension of time for service of the complaint on I. Payne. (D.I. 11) The extension was granted by an oral order entered on January 25, 2018. On January 24, 2018, Ms. Ullom and Mr. Payne filed an answer to the complaint. (D.I. 16) On February 1, 2018, Mr. Dawson filed the pending motion to strike Ms. Ullom and Mr. Payne's answer to the complaint. (D.I. 17) On February 9, 2018, I. Payne filed an answer to the complaint. (D.I. 19) On March 6, 2018, the

3

court held a Rule 16 scheduling conference and entered a case scheduling order. (D.I. 25) On March 30, 2018, Ms. Ullom and Mr. Payne filed the pending motion to vacate the Clerk's entry of default. (D.I. 30)

## III.   ANALYSIS

### A.   Time for Filing an Answer

Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that "the time for serving a responsive pleading is within 21 days after being served with the summons and complaint." A party who fails to timely answer the original complaint risks entry of default and judgment of default. *Yellow Book Sales & Distribution Co. v. White*, 2011 WL 830520, at *1 (E.D. Pa. Mar. 10, 2011). Federal Rule of Civil Procedure 6(b) provides the method by which a party may seek an extension of time for filing an answer, and provides that: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original time expires or on motion made after the time has expired if the party failed to act because of excusable neglect."[2] Fed. R. Civ. P. 6(b).

Although Mr. Payne was properly served on October 13, 2017 (D.I. 6), and Ms. Ullom was properly served on October 14, 2017 (D.I. 7), they did not file an answer until January 24, 2018 (D.I. 16). This was eight days after the Clerk of Court entered a default in appearance. (D.I. 10) Prior to filing the untimely answer, Ms. Ullom and Mr. Payne at no time availed

---

[2] If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect. *Drippe v. Tobelinksi*, 604 F.3d 778, 784 (3d Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n. 5 (1990)). Whether an act or omission qualifies as excusable neglect depends on three factors: the danger of prejudice to the [opponent], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999).

4

themselves of the protections provided for in Rule 6(b) by seeking an extension of time,[3] nor

does the answer itself offer an acknowledgment or explanation for the late submission. Federal

Rule of Civil Procedure 55(a) instructs the clerk to enter a default when a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Therefore, Ms. Ullom and Mr.

Payne's failure to timely plead or otherwise defend constituted a proper basis for an entry of

default under Rule 55(a). When a default is entered against a party who has failed to plead or

otherwise defend, filing an answer does not vacate the default in appearance. Rather, a party

must move to vacate the entry pursuant to Rule 55(c) "for good cause." Fed. R. Civ. P. 55(c).

## B. Motion to Strike

### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4] Fed. R.

Civ. P. 12. Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid

unnecessary forays into immaterial matters." *The Penn Mut. Life Ins. Co. v. Norma Espinosa*

---

[3] In support of his motion to strike, Mr. Dawson includes as an exhibit an email from SLIC's counsel wherein SLIC's counsel represented that Mr. John Weaver, counsel for Ms. Ullom, Mr. Payne, and I. Payne, would contact Mr. Dawson's counsel "so a stipulation for all of the claimants to have an extension of time to answer the complaint" could be filed with the court. (D.I. 17, Ex. A) Ms. Ullom and Mr. Payne do not challenge these representations, and do not address why such an application for an extension of time to answer the complaint pursuant Rule 6(b) was not filed. (*See* D.I. 20; D.I. 30)

[4] "Immaterial matter is that which has no essential or important relationship to the claims for relief or the defenses being pleaded." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-1292 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1292. Scandalous matter has been defined as "that which improperly casts a derogatory light on someone, most typically on a party to the action." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012) (quoting *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988)).

5

*2007-1 Ins. Tr.*, No. C.A. 09-300-LPS, 2011 WL 710970, at \*4 (D. Del. Feb. 22, 2011) (citing

*McInerney v. Mayer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

District courts are afforded "considerable discretion" when addressing a motion to strike. *Yellow*

*Book*, 2011 WL 830520, at \*4 (citing *Woods v. ERA Med LLC*, 2009 WL 141854 (E.D. Pa. Jan.

21, 2009)). However, granting a motion to strike is generally disfavored and considered "a

drastic remedy to be resorted to only when required for the interests of justice." *Id.* (citing

*Plaum v. Jefferson Pilot Fin. Ins. Co.*, 2004 WL 2980415, at \*2 (E.D. Pa. Dec. 22, 2004)). Even

where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to

strike should not be granted unless the moving party shows that the allegations have no possible

relation to the controversy and will prejudice the moving party. *Symbol Techs., Inc. v. Aruba*

*Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted); *see also*

*Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 505 (D. Del. 1977). When ruling on a motion

to strike, the court must construe all facts in favor of the nonmoving party, and only grant the

motion when the allegation is clearly insufficient. *Juniper Networks, Inc. v. Palo Alto Networks,*

*Inc.*, 881 F. Supp. 2d 603, 605 (D. Del. 2012).

## 2. Discussion

Because Ms. Ullom and Mr. Payne did not seek to vacate the Clerk's entry of default

before filing an answer to the complaint, Mr. Dawson moves for the court to strike the untimely

answer pursuant to Rule 12(f) for being procedurally improper. (D.I. 17 at ¶ 10) However, Mr.

Dawson fails to meet his burden, as required for motions brought under Rule 12(f), of

establishing that the answer has no possible relation to the controversy or that he suffered

prejudice as a result. *Symbol Techs.*, 609 F. Supp. 2d at 359.

First, Mr. Dawson does not address any of the legal criteria the court must consider when faced with a motion to strike, that is, whether the pleadings subject to the motion to strike contain material which is redundant, immaterial, impertinent, or scandalous. In the absence of any arguments consistent with the requirements of Rule 12(f), and viewing the facts in favor of the non-movants, Mr. Dawson's motion fails.

Moreover, Mr. Dawson's only argument, prejudice, lacks any substantive foundation. His sole allegation of prejudice is that he has had to "waste time and money" in responding to Ms. Ullom and Mr. Payne's answer, and "has had to wait to receive any benefits from the insurance policies" due to Ms. Ullom and Mr. Payne's actions. (D.I. 17 at ¶ 8) Mr. Dawson's argument fails, however, because he is an active party in litigation asserting a claim to interpleaded insurance policy benefits and his claim is required to be litigated to conclusion, regardless of whether any other co-defendants are actively asserting claims on their own behalf. (D.I. 1) At the time the Clerk of Court entered a default in appearance as to Ms. Ullom and Mr. Payne, the fourth defendant, I. Payne, had not yet been served. (D.I. 11; D.I. 12) I. Payne filed a timely answer on February 9, 2018, preventing Mr. Dawson from "receiving any benefits from the insurance policies," regardless of whether Ms. Ullom and Mr. Payne are deemed to be in default in appearance. (D.I. 19) Mr. Dawson does not present any additional argument demonstrating how the untimely answer has prejudiced him nor any basis for striking the answer under Rule 12(f), and instead argues that there is no "good cause" pursuant to Rule 55(c)'s standard to vacate the entry of default. (D.I. 17 at 3-4) However, as discussed in more detail *infra*, § IV(C), this argument also fails.

Mr. Dawson has failed to meet his burden of establishing prejudice or that the answer has "no possible relation to the controversy," and district courts are afforded "considerable

discretion" when addressing a motion to strike. Accordingly, Mr. Dawson's motion to strike Ms. Ullom and Mr. Payne's answer to the complaint is denied.

### C. Motion to Vacate

#### 1. Legal Standard

When a default is entered against a party who has failed to plead or otherwise defend, under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In deciding whether to set aside a default pursuant to Rule 55(c), the movant must show: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

Generally, courts disfavor entries of default because it prevents an individual's claims from being decided on the merits. *Draeger Med. Sys. v. My Health, Inc.*, 2015 WL 4039940, at *2 (D. Del. July 1, 2015). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). "Thus, '(a)ny of the reasons sufficient to justify the vacation of a default judgment under Federal Rule of Civil Procedure 60(b)[5] normally will justify relief from a

---

[5] Rule 60(b) provides that:

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b).

8

default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.'" *Id.* (*quoting* 10 C. Wright & A. Miller, Federal Practice and Procedure s 2696 at 334 (1973)). In deciding a motion under Rule 55(c), the decision is left primarily to the discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

## 2. Discussion

Ms. Ullom and Mr. Payne have demonstrated good cause in support of vacating the entry of default.

First, SLIC will not suffer prejudice if the entry of default is vacated. The Third Circuit has stated that "[p]rejudice is established when a plaintiff's 'ability to pursue the claim has been hindered .... [by, for example,] loss of available evidence, [or] increased potential for fraud or collusion . . . .'" [6] *Feliciano*, 691 F.2d at 657.

Tellingly, SLIC has not submitted a written opposition to the motion to vacate and has not presented any argument that it would be prejudiced if the entry of default is set aside. Although Mr. Dawson alleges that he has been prejudiced by Ms. Ullom and Mr. Payne's delay, it is difficult for the court to find prejudice on behalf of Mr. Dawson given that SLIC, the party who sought the default in appearance against Ms. Ullom and Mr. Payne, is not arguing against their motion to vacate and is not moving to strike their untimely answer. Moreover, the progression of this case has not been delayed as a result of Ms. Ullom and Mr. Payne's untimely answering. On March 6, 2018, the court promptly entered a scheduling order, and Ms. Ullom

---

[6] The court in *Feliciano* stated that a third factor, "substantial reliance upon the judgment," could also show prejudice. *Feliciano*, 691 F.2d at 657. However, the *Feliciano* court was examining a motion to vacate a default judgement, not an entry of default in appearance, and this factor is therefore inapplicable to the case at bar.

9

and Mr. Payne filed their answer, although untimely, before I. Payne timely filed his answer. (D.I. 16; D.I. 19; D.I. 25)

This is unlike the facts presented in *Yellow Book*, a case on which Mr. Dawson heavily relies. In *Yellow Book*, the court found prejudice on behalf of the plaintiff because not only was the defendant untimely in filing his answer, he was also then untimely in responding to the plaintiff's motion to strike. *Yellow Book*, 2011 WL 830520, at *3. The court found that this "consistently dilatory" conduct constituted prejudice. *Id.* (citing *Comdyne I., Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) (where a party demonstrates a pattern of delay and non-participation, the court is within its discretion to deny relief from the default)). Here, there has been no such pattern of dilatory conduct on behalf of Ms. Ullom and Mr. Payne. Therefore, this factor weighs in favor of vacating the entry of default.

Next, Ms. Ullom and Mr. Payne have presented a meritorious claim to the interpleaded funds. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *U.S. Currency*, 728 F.2d at 195 (*quoting Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The defendant's allegations must be specific, not merely "simple denials and conclusionary statements." *Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985).

In opposition to Mr. Dawson's claim for the policy benefits, Ms. Ullom and Mr. Payne assert, *inter alia*, that Mr. Dawson used undue influence and fraud to induce Ms. Battis to change the beneficiary of the life insurance policy. (D.I. 29) In support of this claim, Ms. Ullom and Mr. Payne do not simply make conclusionary statements, but rather provide specific factual allegations – for example, that Ms. Battis feared Mr. Dawson, that she had to remove him from

10

her home after he had "become violent and abusive," and that she allegedly intended to leave her life insurance policy to blood relatives. (D.I. 29 at ¶¶ 16-17, 20, 22-24) In *Yellow Book*, the defendant failed to present any meritorious defense because the court found his allegations to be "general denials," and "the sort of mere recitations of the relevant statutory language or phrases in the Federal Rules of Civil Procedure that [the court] ha[d] already held to be without merit." *Yellow Book*, 2011 WL 830520, at \*3 (citing *Elec. Corp. of N .J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009) ("a party seeking to prove a meritorious defense must allege specific facts that stretch beyond a general denial")). Here, Ms. Ullom and Mr. Payne plead specific factual allegations, which, if proven true, support their claim of undue influence and fraud. In determining whether to set aside an entry of default due to a meritorious defense, "[l]ikelihood of success is not the measure." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *see also Suntrust Bank v. Armsey*, 2010 WL 731802, at \*2 (S.D. Fla. Feb. 26, 2010). Instead, the movant need only provide "a hint of a suggestion" that his case has merit. *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). Thus, Ms. Ullom and Mr. Payne have pleaded sufficient facts that, if established at trial, would defeat Mr. Dawson's claim to the policy benefits. Accordingly, this factor weighs in favor of setting aside the entry of default.

Finally, there is no evidence that Ms. Ullom or Mr. Payne acted with culpable conduct. "[T]he standard for 'culpable conduct' in [the Third] Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant," and requires that "more than mere negligence be demonstrated." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984). Culpable conduct may be found where a party "[has] not engaged in the litigation process and [has] offered no reason for [such] failure or refusal." *Elec. Corp. of N.J.*, 652 F. Supp. 2d at 607.

Here, at best, Ms. Ullom and Mr. Payne's conduct may be deemed excusable neglect, and does not rise to the level of "willful" or "bad faith." Ms. Ullom and Mr. Payne allege that their counsel contacted SLIC's counsel to discuss the filing of an answer, and that SLIC advised that "the timing of the answer could be worked out." (D.I. 30 at ¶ 7) Ms. Ullom and Mr. Payne allege that is was their understanding "that an answer was to be filed when one answer could be filed for all the blood relative defendants [Ms. Ullom, Mr. Payne, and I. Payne]." (*Id.* at ¶ 24) Moreover, Ms. Ullom and Mr. Payne allege that, while SLIC could not effectuate service on I. Payne, they were "active in getting their nephew to cooperate" with this litigation so the case could move forward. (*Id.* at ¶ 23) SLIC does not challenge these representations, and they do not support a conclusion that the conduct at issue was willful or in bad faith or amounted to repeated reckless disregard. *Draeger*, 2015 WL 4039940, at *3. Although the answer was untimely, Ms. Ullom and Mr. Payne's filing of an answer shows their willingness to engage in the litigation process. Moreover, the Third Circuit has held that "neglect alone" cannot sustain a default judgment, let alone sustain an entry of default in appearance under the more lenient standard under Rule 55(c). *Hritz*, 732 F.2d at 1183; *see also Feliciano*, 691 F.2d at 656 ("[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a [default] judgment" ... "in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment."). While Ms. Ullom and Mr. Payne could have acted more prudently in pursuing their claim to the policy benefits, their actions do not constitute the sort of culpable or willful behavior that generally warrants the denial of a motion to set aside an entry of default.

12

Because Ms. Ullom and Mr. Payne have demonstrated good cause under Rule 55(c), and given that defaults are disfavored as a matter of policy, the motion to vacate the entry of default is granted.

## IV. CONCLUSION

For the foregoing reasons, Mr. Dawson's motion to strike Ms. Ullom and Mr. Payne's answer to the complaint is DENIED. (D.I. 17) Ms. Ullom and Mr. Payne's motion to vacate the entry of default is GRANTED, and the entry of default as to Ms. Ullom and Mr. Payne shall be set aside. (D.I. 30) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: June 18, 2018

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE