IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 17-1259 (MN) |
| DAVID DAWSON, *et al.*, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

William A. Crawford, Esquire, Noelle Briana Torrice, Esquire: Franklin & Prokopik, Wilmington, DE – attorneys for Plaintiff Securian Life Insurance Company

David Gerard Holmes, Esquire, Richard H. Cross, Jr., Esquire: Cross & Simon, LLC, Wilmington, DE – attorneys for David Dawson

John R. Weaver, Jr., Esquire, Wilmington, DE – attorneys for Beth P. Ullom, Ian C. Payne, and William Payne

September 10, 2018

NOREIKA, U.S. DISTRICT JUDGE:

Interpleader Plaintiff, Securian Life Insurance Company ("SLIC"), has moved for leave to deposit into the registry of the Court $236,000.00 in death benefits payable by a group term life insurance policy issued to a non-party, E.I. DuPont de Nemours and Co. Policy #34343-G ("Policy") plus accrued interest (collectively the "Funds"). In its motion, SLIC also seeks to be dismissed as the party plaintiff in this action and seeks a preliminary and permanent injunction as to all defendants precluding each of them from suing SLIC 1) to recover the Funds or 2) on any claims derivative of the Policy. Finally, SLIC seeks to tax as recoverable from the corpus of the Funds, its reasonable costs and attorneys' fees. Defendants Beth P. Ullom, Ian C. Payne and William Payne have not objected to SLIC's motion. Defendant David Dawson has filed a limited objection and reservation of certain rights.

The federal interpleader statute, 28 U.S.C. § 1335, "is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distribs., Inc. v. The Adherence Grp., Inc. et al*, 72 F.3d 371, 374 (3d Cir. 1995) (citing 3A J. Moore & J. Lucas, Moore's Federal Practice Sec. 22.02 (2d ed. 1994)). This "relieves the stakeholder from determining at his peril the merits of competing claims and shields him from the prospect of multiple liability." *Id*. It also "gives the claimant who ultimately prevails ready access to the disputed fund." *Id*. The statute further allows the district court to enjoin any other proceedings that may impact the person holding property or money at issue. *Id*. at 375.

An action commenced under §1335 "typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the

defendants' adverse claims to the interpleaded fund." *Id.* (citing *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983); 7 C. Wright, A. Miller & Mary Kay Kane, 7 Federal Practice and Procedure Sec. 1714 (2nd Ed. 1986)). The second step is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake. *Id.* (citing *Diamond Shamrock Oil & Gas Corp. v. Commissioner of Revenues*, 422 F.2d 532, 534 (8th Cir. 1970)).

Here, the Court addresses only the first step. It is undisputed that the requirements of the first step have been met. SLIC possesses property, the Funds, and that property belong to one or more of the defendants. SLIC also disclaims all interest in the property and seeks to dispose of the property as the Court directs. SLIC meets the first step and thus may be relieved from liability and the Funds may deposited into the registry of the Court.

Additionally, as no objection has been made to SLIC's request to be dismissed as the party plaintiff in this action, or its requests for a preliminary and permanent injunction as to all defendants precluding each of them from suing SLIC to recover the Funds or on any claims derivative of the Policy, the Court will grant SLIC's motion in those respects as well.

With respect to SLIC's request to recover its reasonable costs and attorneys' fees from the corpus of the Funds, defendant, David Dawson, objects. The awarding of attorney fees in an interpleader complaint is "committed to the sound discretion of the trial court." *Banner Life Ins. Co. v. U.S. Bank, NA*, 931 F. Supp. 2d 629, 632 (D. Del. 2013) (citing *Mutual of Omaha Ins. Co. v. Dolby*, 531 F. Supp. 511, 516 (E.D. Pa. 1982)). "Insurance companies regularly encounter disputes between multiple claimants to a policy's benefits. Making a determination as to which claim prevails is the ordinary business of insurance companies. Awarding attorney fees to insurance companies would shift their ordinary business expenses to the claimants, which is not

generally appropriate. *Id.* (citing *Mutual of* Omaha at 517; *Fidelity Bank v. Com. Marine and General Assur. Co.,* 592 F. Supp. 513, 526 (E.D. Pa. 1984)). Nevertheless, as noted by defendant, Mr. Dawson, SLIC has not yet filed a properly supported motion for costs and fees for the Court to rule upon. The Court will grant SLIC 14 days from the entry of its Order on this matter to file such a motion.

        An appropriate order will be entered.